UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>         v.<br><br>DEBRA WILSON and TERRY L. CLARKE,<br><br>                    Defendants. | CASE NO. 19-5677 RJB<br><br>ORDER DENYING MOTION TO AWARD PROCEEDS AND MOTION FOR AN AWARD OF ATTORNEYS' FEES |

THIS MATTER comes before the Court on Defendant Terry Clarke's October 30, 2020 Motion to Award Proceeds (Dkt. 27, refiled as Dkt. 33) and Defendant Debra Wilson's motion for an award of attorneys' fees (Dkt. 32). The Court has considered the pleadings filed regarding the motions and is fully advised.

**PROCEDURAL HISTORY**

This interpleader action was filed on July 24, 2019. Dkt. 1. Lincoln National Life Insurance Company's ("Lincoln") motion to interplead the funds at issue was granted on October

ORDER DENYING MOTION TO AWARD PROCEEDS AND MOTION FOR AN AWARD OF ATTORNEYS' FEES - 1

17, 2019. Dkt. 21. Lincoln deposited $167,357.70 in the registry of the court and it was dismissed with prejudice on January 7, 2020. Dkt. 22. Although the remaining parties were ordered to file a Combined Joint Status Report and Discovery Plan as required by Fed. R. Civ. P. 26(f) and Western Dist. Wash. Civ. R. 26(f) ("JSR") by November 4, 2019, no joint status report was filed.

This case was reassigned to the undersigned on August 31, 2020. Dkt. 23. The remaining parties in this case, Defendants Debra Wilson and Terry Clarke, were again ordered to file a JSR on or before September 25, 2020. No JSR was filed. The deputy clerk's attempts to reach the parties were unproductive.

Fed. R. Civ. P. 16 (f)(1) provides that the court, on motion or on its own, may issue "any just orders including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)" if a party "fails to obey a scheduling or other pretrial order." Under Fed. R. Civ. P. 37(b)(2)(A)(v), the court may dismiss an action or proceeding in whole or in part for failure to obey a court order.

Accordingly, on October 5, 2020, Defendant Wilson and her attorney, Deola Labron, and Defendant Clarke and her attorney, Keith Armstrong, were ordered to either demonstrate how the money in this case should be distributed or should personally show cause why the funds should not be forfeited and the case dismissed on or before October 30, 2020. Dkt. 25.

On October 30, 2020, Defendant Clarke through her attorney, Keith Armstrong, filed a response to the order to show cause, entitled "Defendant's Motion to Award Proceeds." Dkt. 27. Defendant Clarke argued that insurance proceeds should be distributed to her because she was the last named beneficiary. *Id.*

Defendant Wilson did not timely respond. On November 2, 2020, the undersigned's staff reached out to Defendant Wilson's lawyer, Deola Labron, by phone to confirm that she did not

ORDER DENYING MOTION TO AWARD PROCEEDS AND MOTION FOR AN AWARD OF ATTORNEYS' FEES - 2

1  intend to respond.  Later that day, Defendant Wilson's lawyer filed a declaration and a "Status
2  Report."  Dkts. 28 and 29.  In the declaration, Defendant Wilson's lawyer states that after the
3  Court's October 5, 2020 order, she drafted a JSR and forwarded it to opposing counsel to
4  complete.  Dkt. 28.  She states that opposing counsel did not respond.  *Id.*  In the "Status Report"
5  that she filed, Defendant Wilson states that some discovery is needed before the case can be
6  resolved.  Dkt. 29.

7  While Defendant Clarke properly responded to the Court's October 5, 2020 order to show
8  cause, in the interest of fully and fairly considering all issues in this case, that response, entitled
9  "Defendant's Motion to Award Proceeds" (Dkt. 27), was noted for consideration on November
10 27, 2020 in accord with Western District of Washington Rule of Civ. P. 7(d)(3).  Defendant
11 Wilson responded, opposing Defendant Clarke's Motion to Award Proceeds, and moved for an
12 award of attorneys' fees for having to respond to Defendant Clarke's "frivolous" motion.  Dkt.
13 32.  Defendant Clarke replied (Dkt. 35) and the motions are ripe for decision.

**BACKGROUND FACTS**

15 The following facts are drawn from attachments to the Lincoln's Complaint and are
16 purportedly Lincoln's case file on the decedent, Anthony C. Wilson.  Mr. Wilson had a life
17 insurance policy with Lincoln through his employment with Pierce Transit.  Dkt. 2.  It is the
18 proceeds from this policy that are at issue here.

19 The benefits under the policy are payable in accordance with the policy's beneficiary
20 section, which provides that the beneficiary is the person or persons named by the insured at the
21 time of enrollment with the employer and that the beneficiary "may be changed in accord with
22 the terms of the Policy." Dkt. 2, at 13.  The policy further provides that the insured "may change
23 the beneficiary by filing a written notice of the change with [Lincoln] at its Group Insurance

Service Office." *Id.,* at 23.  If a beneficiary is not named, the benefits will be paid to the insured's surviving spouse.  *Id*., at 13.

Mr. Wilson became disabled and began receiving disability insurance proceeds on July 12, 2011. Dkt. 1, at 2.  According to a handwritten notation on Lincoln's records, Defendant Wilson (his wife) was the named sole primary beneficiary on file.  Dkt. 2, at 37.  As a result of his disabilities, Mr. Wilson was moved to Rainer Rehabilitation, where he passed away on February 20, 2019.  Dkt. 1, at 3.

On November 9, 2011, the decedent executed a "Durable Power of Attorney," giving Defendant Wilson "all powers over [his] estate."  Dkt. 2, at 45.  On April 21, 2014, Lincoln received a "Beneficiary Designation Form," naming Defendant Wilson as the primary beneficiary of the life insurance; the signature is unreadable, but the employee signature line, also reads "signed by POA of file."  Dkt. 2, at 39.  On May 24, 2017, the decedent executed a "Revocation of Durable Power of Attorney" that he gave to Defendant Wilson.  Dkt. 2, at 50.  Defendant Wilson did not sign this document.

On December 30, 2017, the decent executed a "Durable Power of Attorney for Healthcare," giving Defendant Clarke (his mother) the "power to make MOST health care decisions for [him] if [he] lose[s] the capability to make informed healthcare decisions for [himself]."  Dkt. 2, at 52.  Defendant Wilson did not sign this document.

On September 6, 2018, Lincoln received a "Beneficiary Designation Form," naming Defendant Clarke as the primary beneficiary of the life insurance.  Dkt. 2, at 64.  The form was signed by "Rebekah Betts."  *Id.*  Ms. Betts also signed a form entitled "Insured's Supplementary Statement."  Dkt. 2, at 62.

1    Mr. Wilson passed away on February 20, 2019.  Dkt. 1, at 3.  In order to process the

2 decedent's insurance benefits, on March 6, 2019, Lincoln contacted Rebekah Betts at Rainer

3 Rehabilitation and asked for the following additional information:

4
> Copy of the appropriate power of attorney paperwork giving you or employees of
> Rainier Rehabilitation the legal power to sign paperwork for anything other than
5
> Anthony C. Wilson's immediate healthcare and medical treatment . . .

6
> The State of Washington has community property laws; therefore, please provide
> evidence that includes the spouse's signature with regard to the Revocation of
7
> Durable Power of Attorney from 2017, the Beneficiary Designation Form
> completed September 6, 2018, and Durable Power of Attorney for Health Care.

8
Dkt. 2, at 55.  In response, on March 12, 2019, Ms. Betts responded: "Terry [Clarke] asked my
9
assistance to complete the paperwork for her.  I nor the facility has any POA.  I have included all
10
the POA and revocation paperwork we have on file."  Dkt. 2, at 58.
11
Both Defendants made a claim to the life insurance proceeds at issue.  Accordingly, this
12
case was filed.
13
**PENDING MOTIONS**
14
In her pending motion for an award of the insurance proceeds, Defendant Clarke relies on
15
the attachments to the Complaint which purportedly are Lincoln's case file.  Dkt. 27.  Defendant
16
Clarke argues that she is the last named beneficiary based on the September 6, 2018,
17
"Beneficiary Designation Form," (which was signed by Rebekah Betts) and so is entitled to be
18
paid the full amount of the proceeds.  *Id.*  She argues that there is no evidence in the record that
19
the insurance premiums were paid with community property.  *Id.* Defendant Clarke does not
20
appear to fully understand the procedural posture of the case, because (in addition to moving for
21
an award of the policy proceeds) she also moves for an award of attorneys' fees against the now
22
dismissed Plaintiff Lincoln. *Id.*
23

24

ORDER DENYING MOTION TO AWARD PROCEEDS AND MOTION FOR AN AWARD OF ATTORNEYS' FEES - 5

Defendant Wilson filed a response and opposes the motion. She maintains that there is no evidence that the September 6, 2018 Change of Beneficiary Form was valid. Dkt. 32. Defendant Wilson notes that there is no evidence that Ms. Betts, an employee at decedent's care facility, was authorized with a power of attorney or otherwise to sign the form on Mr. Wilson's behalf. *Id.* Defendant Wilson argues that even if the December 30, 2017 "Durable Power of Attorney for Healthcare," was valid, the document does not authorize Defendant Clarke to change beneficiaries on the life insurance policy. *Id.* Further, she argues that her signature was required on the change of beneficiary form because community property (in the form of wages) was used to pay the premiums. *Id.* Defendant Wilson moves for an award of attorneys' fees for having to respond to Defendant Clarke's frivolous motion which Wilson maintains is unsupported by the facts or the law. *Id.*

In her reply, Defendant Clarke additionally relies on her own declaration in arguing that the September 6, 2018 Change of Beneficiary Form was done at her son's direction. Dkt. 35. She maintains further that there is no evidence that the policy premiums were paid by community property; she asserts that the premiums were taken out of her son's check before the remainder was deposited.

Defendant Clarke fails to identify the procedural grounds for her motion – whether it is a motion for summary judgment pursuant to Fed. R. Civ. P. 56 or a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant Clarke does rely on documents outside the pleadings, so her motion should be construed as a motion for summary judgment.

**DISCUSSION**

**A. STANDARD ON MOTION FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. WASHINGTON SUBSTANTIVE LAW APPLIES

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

### C. DEFENDANT CLARKE'S MOTION FOR AWARD OF PROCEEDS

"Washington permits courts, acting in equity, to enforce attempted changes in beneficiaries" on insurance policies. *In re Estate of Freeberg,* 130 Wn. App. 202, 205 (2005). The issue here is whether the September 6, 2018 Change in Beneficiary Form was an "attempted change" under Washington law.

> The general rule in this jurisdiction and elsewhere as to attempted changes of beneficiaries on an insurance policy is that courts of equity will give effect to the intention of the insured when the insured has substantially complied with the provisions of the policy regarding that change.

*Id.* "Substantial compliance requires that the insured has manifested an intent to change beneficiaries and done everything reasonably possible to make that change. *Id.*

Defendant Clarke's motion for an award of the proceeds should be denied without prejudice. She has failed to show that there are no issues of fact as to whether the September 6, 2018 Change in Beneficiary Form was an "attempted change" by Mr. Wilson or that she is entitled to a judgment as a matter of law at this time. Although the form was in writing and sent to Lincoln, it was not signed by Mr. Wilson. The individual who did sign the form, Ms. Betts, acknowledged that she did not have a power of attorney to act on his behalf. Her correspondence

ORDER DENYING MOTION TO AWARD PROCEEDS AND MOTION FOR AN AWARD OF ATTORNEYS' FEES - 8

with Lincoln indicates that she acted at Defendant Clarke's direction, not Mr. Wilson's direction. Although the Defendant Clarke filed her own declaration to support of her reply, new materials filed in support of a reply are not considered. *See, e.g, Tovar v. U.S. Postal Serv*., 3 F.3d 1271, 1273 (9th Cir.1993). Further, while both parties argue about whether community funds were used to pay for the policy's premiums, neither party offers any competent evidence of how the policy premiums were paid. Defendant Clarke's motion (Dkt. 27) should be denied without prejudice.

### D.  DEFENDANT WILSON'S MOTION FOR ATTORNEYS FEES

Defendant Wilson moves for an award of attorneys' fees for having to respond to Defendant Clarke's motion, which she asserts has no foundation in law or fact. Dkt. 32.

Defendant Wilson's motion for an award of attorneys' fees (Dkt. 32) should be denied. While Defendant Clarke failed to show that there are no issues of fact and that she is entitled to a judgment as a matter of law, the motion was not frivolous. The motion was filed in response to the Court's order to show cause why the case should not be dismissed for failure to file a JSR or otherwise prosecute the case. Defendant Wilson failed to timely respond to that order and only filed a pleading after the Court's staff made inquiries. Her motion for attorneys' fees should be denied.

### E.  OTHER MATTERS

This case was filed on July 24, 2019 and is set to begin trial on April 5, 2021. The discovery deadline is December 14, 2020. It appears from the parties' pleadings that they have failed to do any meaningful discovery in the over 15 months that this case has been pending. It should become a priority. With one or two short depositions, the case likely can be resolved

with a properly briefed and supported motion for summary judgment or, more economically, by settlement.

**ORDER**

It is **ORDERED** that:

- Defendant Terry Clarke's October 30, 2020 Motion to Award Proceeds (Dkt. 27, refiled as Dkt. 33) **IS DENIED WITHOUT PREJUDICE**; and

- Defendant Debra Wilson's motion for an award of attorneys' fees (Dkt. 32) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of December, 2020.

ROBERT J. BRYAN
United States District Judge